FULMER, Judge.
This appeal arises out of a claim made by David J. Walsh[1] against the Florida Construction Industries Recovery Fund after Walsh was unable to collect on the final judgment he obtained against J.A.F. Enterprises, Inc. (J.A.F.), the contractor Walsh hired to renovate a duplex. J.A.F. and its qualifying agent, Jeffrey A. Free, contend that the final order of the Construction In *981 dustry Licensing Board (Board) granting Walsh’s claim should be reversed because Walsh filed his claim beyond the two-year limitations period contained in section 489.141(l)(e), Florida Statutes (1995). We agree and reverse.
The Construction Industries Recovery Fund (Fund) was created to compensate consumers who suffer monetary damages as a result of certain violations by licensed contractors. Pursuant to section 489.140(1), Florida Statutes (1995), the Fund is disbursed by order of the Construction Industry Licensing Board. If funds are awarded to a claimant, as they were to Walsh, the contractor’s license is suspended until the contractor repays the Fund. See § 489.143(6), Florida Statutes (Supp.1996). The conditions that must be met in order to recover from the Fund are set forth in section 489.141. Recovery is available to persons who have obtained a final judgment or restitution order, based upon certain violations by the contractor, but have been unable to collect the damages awarded. Claimants are required to give notice to the Board at the time their legal action against the contractor is commenced. This notice requirement may be waived by the Board for good cause. See § 489.141(l)(a)l. Claimants are also required to file a claim for recovery against the Fund “within 2 years from the time of the act giving rise to the claim or within 2 years from the time the act is discovered or should have been discovered _” § 489.141(l)(c). The Board has no authority to waive this two-year limitations period. Against this background, we discuss only those facts and portions of the statute that are relevant to the sole issue raised in this appeal, that being whether Walsh timely filed his claim against the Fund.
On October 25,1993, Walsh hired J.A.F. to renovate a duplex. On May 23, 1994, Walsh’s attorney sent a letter to J.A.F.’s president notifying J.A.F. that it had “mismanaged and bungled” the construction project and that it appeared that the cost of the renovations was going to be more than 40 percent over the agreed price. The letter informed J.A.F. that Walsh thereby terminated their written contract based upon this alleged breach by J.A.F., demanded an accounting of the construction loan proceeds, and stated that Walsh would complete the job himself.
On August 19, 1994, Walsh filed a civil action against J.A.F. and Jeffrey Free, alleging that the final cost of the completed renovation exceeded the contract amount by nearly 49 percent. On February 23, 1996, the trial court entered a final judgment in favor of Walsh in the net amount of $23,-511.88. Walsh was unsuccessful in his effort to collect on the judgment. Walsh first notified the Fund by mailing a claim form on August 12, 1996. The parties agree that the claim was received by the Fund on August 20, 1996, which, therefore, became the filing date.
Whether the claim was timely filed depends upon when the “act giving rise to the claim” occurred, or, when the “act giving rise to the claim” was discovered or should have been discovered by Walsh. In this case, there is no dispute about the dates of various relevant acts. Instead, the question presented is, what is the act giving rise to the claim? In order to examine this question, it is necessary to further explain the statutory violation upon which Walsh’s claim rests. As mentioned earlier, the Fund was created to compensate persons who have prevailed in a civil action based on a construction contract where it has been determined that the contractor violated one of several enumerated provisions. In this case, the Board determined that the judgment obtained by Walsh against J.A.F. was based on a demonstrated violation of section 489.129(l)(h)3., Florida Statutes (Supp.1996), which provides in relevant part:
(1) The board may ... suspend ... the [certificateholder’s] certificate ... if the ... business organization for which the contractor is a primary qualifying agent ... is found guilty of any of the following acts:
[[Image here]]
(h) Committing mismanagement or misconduct in the practice of contracting that causes financial harm to a customer. Financial mismanagement or misconduct occurs when:
*982 [[Image here]]
3. The contractor’s job has been completed, and it is shown that the customer has had to pay more for the contracted job than the original contract price, as adjusted for subsequent change orders....
J.A.F. argues that the act giving rise to Walsh’s claim occurred when Walsh discovered that he would have to pay in excess of the original contract price for the renovation project. Therefore, the May 23, 1994, letter from Walsh to J.A.F., which terminated the contract based on this discovery, should trigger the two-year period within which Walsh could file a claim against the Fund. J.A.F.’s analysis treats the word “act” in the phrase “act giving rise to the claim” as referring to the actions of the contractor that constituted one of the enumerated violations. If J.A.F.’s analysis is correct, Walsh was required to file his claim no later than May 23, 1994, and the Board erred by treating the August 20, 1996, filing as timely.
The Board argues that the following language in section 489.129(l)(h)3., describing “financial mismanagement or misconduct,” defines the act giving rise to the claim: “The contractor’s job has been completed, and it is shown that the customer has had to pay more for the contracted job than the original contract price.... ” From this language, the Board reasons, the limitations period could not begin to run until the renovation project was completed and Walsh obtained a judgment showing that he had to pay more than the original contract price due to J.A.F. and Free’s actions. Therefore, because the judgment was obtained on February 23, 1996, the Board correctly determined that the filing of his claim on August 20, 1996, was timely.
We conclude that the two-year limitations period began to run when Walsh discovered that J.A.F. had committed an act that violated one of the enumerated provisions upon which a claim against the Fund may be based, i.e., when Walsh discovered that the project had been financially mismanaged and the cost was going to exceed the original contract price as reflected in the May 23, 1994, letter. The Board argues that such a construction of the statute imposes time requirements that will be impossible for claimants to meet in those cases where the litigation leading up to the entry of a final judgment is protracted. We recognize there may be such cases, but this is not one of them. Walsh obtained his final judgment three months prior to the expiration of the two-year limitations period. Furthermore, by its nature, every statute of limitations operates to preclude some otherwise meritorious claims that are not filed within the limitations period.
Our construction of the statute is bolstered by the “Notice of Consumer Rights Under the Construction Industries Recovery Fund,” which is the document in this record that purports to explain to a potential claimant how to seek compensation from the Fund. This document states that in order to be eligible to seek compensation from the Fund, one of the requirements is that “you must notify the Construction Industry Licensing Board (CILB) of your claim by certified mail at the time you commence legal action.” From this directive we conclude that the act giving rise to the claim is one that occurs prior to the filing of the civil action against the contractor. The document also states that “The Recovery Fund is a last resort,” and that a claimant has to “file a claim for recovery with the fund within 2 years of the time the violation of law happens or within 2 years of the time you find out or should have found out about the violation of law.” It is clear to us that the phrase “violation of law” refers to the act of the contractor that constitutes one of the enumerated violations upon which a claim may be based. In this ease, that violation was J.A.F.’s financial mismanagement of the project which, when discovered by Walsh, led him to terminate the contract on May 23, 1994, at which time J.A.F.’s job as the contractor for the project was complete.
The portion of the Board’s Final Order in which it determined that Walsh timely filed his claim states:
4. The Board héreby finds that there is good cause to waive the notice requirement set forth in Section 489.141(l)(a)l., Florida Statutes, in that the Petitioner filed a complaint with the Department of Business *983 and Professional Regulation in this matter within two (2) years of the act giving rise to this claim and prior to filing suit; however, he was unaware of any obligation to give additional notice to either the Board or the Construction Industries Recovery Fund.
It appears that the Board confused the requirement, set forth in section 489.141(l)(a)l., that notice be given to the Board when legal action is commenced against a contractor, with the two-year limitations period, set forth in section 489.141(c), within which a claim against the Fund must be filed. As we have already observed, the statute authorizes the Board to waive the notice requirement, but it has no authority to waive the two-year limitations period.
Accordingly, for the reasons set forth in this opinion, the Final Order of the Board is reversed.
BLUE, A.C.J., and WHATLEY, JJ., Concur.

. Appellee David J. Walsh makes no appearance in this appeal.